UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICKEY R. WRIGHT,

    Plaintiff,

v.                                                                        CIVIL ACTION NO. 1:07CV94

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

**REPORT & RECOMMENDATION/OPINION**

On July 11, 2007, the plaintiff, Rickey R. Wright, by Susan Kipp McLaughlin and Regina L. Carpenter, his attorneys, filed a Complaint in this matter. On January 10, 2008, Defendant filed his Answer to the Complaint, as well as a copy of the Transcript of the Administrative Proceedings. On February 12, 2008, Plaintiff filed a Motion to Dismiss his case [Docket Entry 10]. A Response, if any, was due from the Defendant on or before February 29, 2008. No such Response has been filed. The Court finds F.R.Civ.P. 41(a)(2) applies to this matter, because Defendant has already filed an answer, and there is no stipulation of dismissal between the parties.[1] F.R.Civ.P. 41(a)(2) provides as follows:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

There was no counterclaim pleaded by Defendant prior to service of the Plaintiff's motion to

---

[1] See F.R.Civ.P. 41(a)(1).

dismiss in this matter. "A plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant, *see Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). A district court's decision to grant such a motion is reviewed for abuse of discretion, *see Davis v. USX Corp.*, 819 F.2d 1270 (4th Cir. 1987)." Ellett Bros, Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384 (4th Cir. 2001). The primary purpose of the rule is to freely permit voluntary dismissals while protecting the nonmovant from unfair treatment. See, e.g., Davis at 1273.

Defendant has not responded to Plaintiff's Motion to Dismiss and therefore has not shown that dismissal would constitute unfair treatment or cause him any prejudice. The undersigned further finds no such unfair treatment or prejudice exists.

The undersigned therefore finds that Plaintiff should be permitted to voluntarily dismiss his own case.

## RECOMMENDATION

For all the above reasons, the undersigned United States Magistrate Judge **RECOMMENDS** Plaintiff's Motion to Dismiss [Docket Entry 10] be **GRANTED** and that this matter be **DISMISSED** and stricken from the Court's docket.

Any party may, within ten days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 4th day of March, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE